**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DEVIN CUSHER,

                                    Plaintiff,

            - v -                                                    Civ. No. 1:16-CV-1273
                                                                              (BKS/DJS)

ASGHAR FAROOQ MALLICK, *et al.,*

                                    Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

## <u>ORDER</u>

A conference was held with counsel for the parties regarding certain outstanding

discovery issues.  Dkt. Nos. 40 & 41.  In particular, after the deposition of the Plaintiff,

counsel for the Plaintiff amended her Rule 26 initial disclosure response to add certain

elements of damage, including damage for "shame" and "embarrassment."  In addition,

Plaintiff's counsel provided to defense counsel, at her demand,  an authorization allowing

Defendants to obtain certain treatment records of the Plaintiff which purportedly dealt with

marital counseling, but which the defense counsel maintains includes much more.  Defense

counsel is now requesting permission from the Court to reopen the deposition of the Plaintiff

to ask additional questions regarding the mental health information contained in these newly

provided counseling records.  In addition, defense counsel is also seeking production of other

counseling and/or mental health records.

At the conference with the Court, Plaintiff's counsel stipulated to limit the Plaintiff's

claim to only a garden-variety claim for emotional trauma, and that nothing further will be sought by the plaintiff for any additional emotional damages.[1]  In light of this limitation, the Court concludes that the mental health records are no longer proportionally relevant to the needs of the case.  *See In re Sims*, 534 F.3d 117, 134, 142 (2d Cir. 2008) (recognizing that a plaintiff may withdraw "any claim to damages for mental injury or any non-garden variety emotional injury" and, having done so, the plaintiff is no longer required to disclose his mental health records).  *See also Rich v. Tee Bar Corp.*, 2013 WL 5442277 at *10-11 (N.D.N.Y Sep. 27, 2013) ("Thus, a plaintiff may continue to protect the privacy of her mental health records, but only at the expense of her mental health claims that go beyond garden variety emotional distress.")

**WHEREFORE**, it is hereby

**ORDERED**, that the Defendants' request for a further deposition of the Plaintiff, as well as their request for production of additional mental health records (Dkt. No. 40),  is **denied.**  Plaintiff having limited his claim to only garden-variety emotional trauma, these records are no longer relevant, and therefore a further deposition of the Plaintiff is unwarranted, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this order upon the parties to this action.

---

[1] The Plaintiff is, however,  also seeking monetary damages incurred for what he claims is a wrongful six month suspension.

Pursuant to FED R. CIV. P. 72(a), the parties have fourteen (14) days within which to file written objections to the foregoing discovery order. Such objections shall be filed with the Clerk of the Court. As specifically noted in Rule 72(a) "[a] party may not assign as error a defect in the order not timely objected to."

**SO ORDERED**.

Date: April 27, 2018
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge